IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF IOWA
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil No. 2:08-cv-01008-EJM |
| JERRY W. SCHEPPELE and IOWA DEPARTMENT OF REVENUE | ) ) ) ) | |
| Defendants. | ) | |

## ORDER

This matter comes before the Court on plaintiff's unresisted motion for summary judgment, filed December 16, 2008. Granted.

The Government filed this action on February 26, 2008, seeking to reduce to judgment federal income tax assessments made against the defendant taxpayer, Jerry W. Scheppele and to foreclose federal tax liens encumbering real properties owned by Scheppele in Clayton County, Iowa. The Government named the Iowa Department of Revenue as a third-party defendant due to its potential interest in the real properties pursuant to state tax liens it has filed against Scheppele. The court has jurisdiction pursuant to 26 U.S.C. §§ 7402, 7403 and 28 U.S.C. §§ 1340 and 1345.

> Fed.R.Civ.P. 56(c) provides that summary judgment shall be entered if the "pleadings, depositions, answers to interrogatories, and admissions on file together with the affidavits, if any, show that there is not a genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." In deciding whether to grant a motion for summary judgment, the district court must view the evidence in favor of the party opposing the motion and give him the benefit of all inferences. *Kegel v. Runnels*, 793 F.2d 924, 926 (8th Cir. 1986). However, parties opposing a summary judgment motion may not rest merely upon the allegations in their pleadings. *Buford v. Tremayna*, 747 F.2d 445, 447 (8th Cir. 1984). The opposing parties must resist the motion by setting

forth specific facts showing that there is a genuine issue of material fact for trial. *Id.*, (citing Fed.R.Civ.P. 56(e) and *Burst v. Adolph Coors Co.*, 650 F.2d 930, 932 (8th Cir. 1981)).

*Green v. St. Louis Housing Authority*, 911 F.2d 65, 68 (8th Cir. 1990).

The defendant, Jerry W. Scheppele did not file federal income tax returns between 2000 and 2003. The Internal Revenue Service (IRS) prepared substitutes for returns on Scheppele's behalf. 26 U.S.C. § 6020(b). The Government bears an initial burden of production to show that the IRS's method in making the assessment was "reasonable and logical." *Dodge v. Commissioner*, 981 F.2d 350, 353 (8th Cir. 1992). The showing is minimal as the Court must accept the IRS's "method of reconstructing income so long as it is rationally based." *Rowell v. Commissioner*, 884 F.2d 1085, 1087 (8th Cir. 1989). The Government submitted the declaration of Revenue Agent Mary Snow to meet its burden. Snow summoned Scheppele's bank records and found that between 2000 and 2003, he endorsed numerous personal and corporate checks, which referenced invoice numbers in the memo line as well as several corporate checks identified as commissions he received. Between 2000 and 2003, Scheppele also received Forms 1099-MISC, reporting that he earned rents and non-employee compensation. The Court finds that the Government has met its burden of production.

Tax assessments are entitled to a presumption of correctness and the taxpayer bears the burden of proof that the determination is arbitrary or erroneous. *Day v. Commissioner*, 975 F.2d 534, 537 (8th Cir. 1992). The Government has submitted IRS Certificates of Assessments and Payments for 2000, 2001, 2002 and 2003, which are *prima facie* evidence of the validity of federal tax assessments and that they were made in accordance with statutory and regulatory requirements. *United States v. Gerads*, 999 F.2d 1255, 1256 (8th Cir. 1993), *cert. denied*, 510

U.S. 1193 (1994). Accordingly, the Court shall reduce to judgment the Government's assessments against Scheppele.

The Government also seeks to foreclose federal tax liens encumbering Scheppele's interest in two parcels of real property located in Clayton County, Iowa. A lien on the taxpayer's property and rights to property arises in the United States' favor when the taxpayer is liable for federal taxes and refuses to pay that obligation after demand is made. 26 U.S.C. § 6321. A tax lien is perfected upon assessment and no further action by the IRS is required. *United States v. Vermont*, 377 U.S. 351, 352 (1964).

After adjudicating the merits of the Government's claim to the properties upon which it has obtained a federal tax lien, the court may decree a sale of properties belonging to the delinquent taxpayer and order a distribution of the proceeds from their sale. 26 U.S.C. § 7403(c). Scheppele has a fee simple interest in two parcels of real property located in Clayton County, Iowa described in the Government's complaint (the "Niagara Street property" and the "250th Street property"). The Government submitted a warranty deed evidencing that Jerry and Toni Jo Scheppele acquired title to the Niagara Street property in July 1990. The Government also submitted a quitclaim deed evidencing that Toni Jo Scheppele transferred her interest in the Niagara Street property to Jerry Scheppele in December 2000. The Government also submitted a warranty deed evidencing that Jerry Scheppele acquired title to the 250th Street property in December 2000 in fee simple. Federal tax liens attach to those properties. 26 U.S.C. § 6321. The Government is entitled to a decree of foreclosure against the Niagara Street property and the 250th Street property in order to collect its tax lien against Scheppele.

The IRS files notices of federal tax lien to protect the priority of the federal tax lien by

providing public "notice" to third parties of the United States' interest in the taxpayer's property. 26 U.S.C. § 6323. The Government filed a Notice of Federal Tax Lien on June 4, 2007. The Government concedes in its motion that the Iowa Department of Revenue has a state tax lien against Scheppele recorded on November 24, 2003, that is superior to the federal tax lien. The Iowa Department of Revenue also filed a state tax lien against Scheppele on September 24, 2007. The 2007 state tax lien does not have priority over the federal tax lien. An order of sale will be filed accordingly.

It is therefore

ORDERED

Granted.

March 26, 2009.

EDWARD J. McMANUS
United States District Judge