IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF IOWA
EASTERN DIVISION

| UNITED STATES OF AMERICA | ) |
| --- | --- |
| Plaintiff, | ) ) ) |
| v. | ) Civil No. 2:08-cv-01008-EJM |
| JERRY W. SCHEPPELE and IOWA DEPARTMENT OF REVENUE | ) ) ) ) |
| Defendants. | ) |

## ORDER OF SALE

On March 26, 2009, the Court entered a final judgment in this action ordering that the federal tax liens be foreclosed. In accordance with that judgment and the federal tax liens on the real properties described below (hereinafter "Properties"):

> 1. The property located at 407 West Niagara Street, Garnavillo, Iowa, in Clayton County with a legal description of:
>
> Outlot Eight (8) of the original Town of Jacksonville, now Garnavillo, Clayton County, Iowa, and a parcel of land in the Southwest Quarter of the Southeast Quarter, Section 18, Township 93 North, Range 3, described as follows:
>
> Beginning at the West side and the South end of Rutland Street, thence South 23° East 3 chains, thence West to the West line of the Southeast Quarter, Section 18, thence North on said line 2 chains and 70 links to a point, which is the Southwest corner of the Town plat of the Town of Garnavillo, thence East with the South line of said Town plat, and on line with the South boundary of Outlot 8 a distance to 10 chains and 10 links to the point of beginning, excepting from those above described lands a parcel of land known as the Town of Garnavillo burial grounds and described as follows:
>
> Commencing at a point on the West Side of the South end of Rutland Street of the Town of Garnavillo, thence South 23° East 3 chains to the Southeast corner of the burial grounds to a point; thence West parallel to the South boundary of the Town of Garnavillo, a distance of 220', thence Northwesterly on line parallel with the East boundary of Outlot 8 and the East boundary of

1

the town of Garnavillo burial grounds to a point intersecting the North boundary of said Outlot 8 170' Southwesterly from the Northeast corner of said Outlot; thence from this point on line with the North boundary of said Outlot go Northeasterly to the Northeast corner thereof, thence Southeasterly along the East boundary line of said Outlot 8 and the West line of Rutland street to the point of beginning, all being in Clayton County, Iowa.

2. The property located at 26778 250th Street, Garnavillo, Iowa, in Clayton County with a legal description of:

The Southeast Quarter (SE 1/4) of the Southeast Quarter (SE 1/4) except Lot One (1) of Section Fourteen (14); and the Northwest Quarter (NW 1/4) of the Northeast Quarter (NE 1/4) except Lot One (1); and the Northeast Quarter (NE 1/4) of the Northeast Quarter (NE 1/4) except Lot One (1) of Section Twenty-three (23); all in Township Ninety-three (93) North, Range Four (4) West of the 5th P.M., in Clayton County, Iowa,

It is ORDERED

The tax liens are foreclosed and the Properties shall be sold separately under title 28, United States Code, §§ 2001 and 2002, as follows:

1. The Internal Revenue Service ("IRS") Property Appraisal and Liquidation Specialists ("PALS"), is authorized to offer for public sale and to sell the Properties.

2. The terms and conditions of the sales are as follows:

a. The sale of the Properties shall be free and clear of the interests of Jerry W. Scheppele and all parties named in the suit.

b. The sale shall be subject to building lines, if established, all laws, ordinances, and governmental regulations (including building and zoning ordinances) affecting the Properties, and easements and restrictions of record, if any;

c. The sale shall be held either at the courthouse of the county or city in which the Properties are located or on the Properties' premises;

d. The PALS shall announce the date and time for sale;

2

e. Notice of the sale shall be published once a week for at least four consecutive weeks before the sale in at least one newspaper regularly issued and of general circulation in Clayton County, Iowa and, at the discretion of the PALS, by any other notice that the PALS deems appropriate. The notice shall contain a description of the Properties and shall contain the terms and conditions of sale in this order of sale;

f. The PALS shall set the minimum bids. If the minimum bids are not met or exceeded, the PALS may, without further permission of this Court, and under the terms and conditions in this order of sale, hold a new public sale, if necessary, and reduce the minimum bids.

g. At the time of the sale, the successful bidder(s) shall deposit with the PALS, by cash or by certified or cashier's check payable to the Clerk of the United States District Court for the Northern District of Iowa, a minimum of twenty (20) percent of the bid. Before being permitted to bid at the sale, potential bidders shall display to the PALS proof that they are able to comply with this requirement. No bids will be accepted from any person(s) who have not presented proof that, if they are the successful bidders(s), they can make the deposit required by this order of sale;

h. The successful bidder(s) shall pay the balance of the purchase price for the Properties to the clerk of this Court within thirty (30) days following the date of the sale, by a certified or cashier's check payable to the United States District Court for the Northern District of Iowa. If the bidder fails to fulfill this requirement, the deposit shall be forfeited and shall be applied to cover the expenses of the sale, with any amount remaining to be applied to the liabilities of Jerry W. Scheppele at issue herein. The Clerk shall distribute the deposit as directed by the PALS by check made payable to the "United States Treasury." The Properties shall be again offered for

sale under the terms and conditions of this order of sale or, in the alternative, sold to the second highest bidder. The United States may bid as a credit against its judgment without tender of cash;

i. The sale of the Properties shall be subject to confirmation by this Court. On confirmation of the sale, the PALS shall execute and deliver its deeds conveying the Properties to the purchasers. On confirmation of the sale, all interests in, liens against, or claims to, the Properties that are held or asserted by all parties to this action are discharged and extinguished.

j. When this Court confirms the sale, the Clayton County Recorder shall cause transfer of the Properties to be reflected upon that county's register of title. The successful bidder at the sale shall pay, in addition to the amount of the bid, any documentary stamps and Clerk's registry fees as provided by law;

k. The sale of the Properties are ordered pursuant to 28 U.S.C. § 2001, and is made without right of redemption.

3. Until the Properties are sold, Jerry W. Scheppele shall take all reasonable steps necessary to preserve the Properties (including all buildings, improvements, fixtures and appurtenances on the property) in its current condition including, without limitation, maintaining a fire and casualty insurance policy on the Properties. He shall neither commit waste against the Properties nor cause or permit anyone else to do so. He shall neither do anything that tends to reduce the value or marketability of the Properties nor cause or permit anyone else to do so. The defendants shall not record any instruments, publish any notice, or take any other action (such as running newspaper advertisements, posting signs, or making internet postings) that may directly or indirectly tend to adversely affect the value of the Properties or that may tend to deter or

discourage potential bidders from participating in the public auction, nor shall they cause or permit anyone else to do so.

4. All persons occupying the Properties shall vacate the Properties permanently within 30 days of the date of this Order, each taking with them his or her personal property (but leaving all improvements, buildings, fixtures, and appurtenances to the Properties). If any person fails or refuses to vacate the Properties by the date specified in this Order, the PALS are authorized to coordinate with the United States Marshal to take all actions that are reasonably necessary to have those persons ejected. Any personal property remaining on the Properties 30 days after the date of this Order is deemed forfeited and abandoned, and the PALS are authorized to dispose of it in any manner they see fit, including sale, in which case the proceeds of the sale are to be applied first to the expenses of sale and the balance to be paid into the Court for further distribution.

5. No later than two business days after vacating the Properties pursuant to the deadline set forth in paragraph 4 above, Jerry W. Scheppele shall notify counsel for the United States of a forwarding address where he can be reached. Notification shall be made by contacting counsel for the United States at (202) 514-9953.

6. Pending the sale of the Properties and until the deeds to the Properties are delivered to the successful bidder(s), the IRS is authorized to have free access to the premises in order to take any and all actions necessary to preserve the Properties, including, but not limited to, retaining a locksmith or other person to change or install locks or other security devices on any part of the Properties.

7. After the Court confirms the sale(s), the sale proceeds are to be paid to the Clerk of this Court and applied to the following items, in the order specified:

   a. First, to the PALS for the expenses of the sale, including any expenses incurred to secure or maintain the properties pending sale and confirmation by the Court.

   b. Second, to all taxes unpaid and matured, if any, that are owed to Clayton County for real property taxes on the property.

   c. Third, to the Iowa Department of Revenue in the amount of its state tax lien recorded on November 24, 2003.

   d. Fourth, to the liability of Jerry W. Scheppele for federal income tax liabilities for the years 2000 through 2003 plus all accrued interest, penalties, and other additions permitted by law;

   e. Fifth, to the Iowa Department of Revenue in the amount of its state tax lien recorded on September 24, 2007.

   f. Sixth, any balance remaining after the above payments have been made shall be held by the Clerk until further order of the Court.

March 26, 2009

EDWARD J. McMANUS
UNITED STATES DISTRICT JUDGE